# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DAVID DEMETREIUS HOLMES | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| PHILADELPHIA PRISON SYSTEM | : | NO. 19-4226 |

## MEMORANDUM

**Savage, J.**  January 22, 2020

Plaintiff David Demetrius Holmes, acting *pro se*, brings this action against the Philadelphia Prison System. He moves to proceed *in forma pauperis*. Because it appears that he is not capable of paying the fees to commence this civil action, Holmes will be granted leave to proceed *in forma pauperis*. For the following reasons, we shall dismiss his Complaint without prejudice.

### Factual Allegations

Holmes alleges that from approximately October 3, 2018 through December 23, 2018, while he was in prison in the Philadelphia Prison System, prison guards placed him in a "multi-purpose room, which basically [was] a closet".[1] Holmes asserts that it was hard to breathe in this room, worsening his pre-existing anxiety and depression.[2] He alleges that he "feels scared from being mistreated" and seeks monetary damages based upon his "living conditions" during that time.[3] He also seeks an order preventing prison guards from "mak[ing] anyone live in those type of living conditions."[4]

---

[1] Compl. at 4-5 (Doc. No. 2). We adopt the pagination assigned to Holmes's pleadings by the CM-ECF system.
[2] *Id.* at 5.
[3] *Id.* at 6.
[4] *Id.*

Holmes does not identify the facility where he was confined. He does, however, provide the address of the facility which is located at 7901 State Road, Philadelphia, Pennsylvania. The Court takes judicial notice that this is the location of the Curran-Fromhold Correctional Facility ("CFCF").

Although Holmes's Complaint is brief and vague regarding the details relevant to his claims, our review of the present action is aided by a prior action he brought against the Philadelphia Prison System challenging the conditions of his confinement pursuant to 42 U.S.C. § 1983 earlier this year in *Holmes v. Philadelphia Prison System*, Civ. A. No. 19-cv-40, (the "January Action"). The complaint in the January Action is signed and dated by Holmes on December 18, 2018. [5]

At that time, Holmes was a pretrial detainee incarcerated at CFCF. The complaint in the January Action also challenged his placement in a multi-purpose room beginning in October of 2018. [6] On March 14, 2019, we dismissed the January Action because Holmes failed to prosecute. [7]

**Standard of Review**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[5] January Action, Compl. at 13 (Doc. No. 2, C.A. No. 19-40).
[6] *Id.* at 6-7.
[7] *Id.*, Mar. 14, 2019 Order (Doc. No. 5).

(quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because Holmes is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). The complaint must provide enough information to put a defendant on sufficient notice to prepare a defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

**Discussion**

Although Holmes does not state the legal basis for his claim, we construe the Complaint to allege a claim for a violation of his civil rights pursuant to 42 U.S.C. § 1983. We consider the complaint to challenge the conditions of confinement.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The sole defendant is the Philadelphia Prison System. As the Third Circuit has held, "the Philadelphia Prison System, [a] department[] of the City of Philadelphia itself, [is] not [a] proper defendant[]" in an action brought under § 1983. *Russell v. City of*

3

*Philadelphia*, 428 Fed. App'x 174, 177 (3d Cir. 2011) (citing 53 Pa. Con. Stat. Ann. § 16257; *Bey v. City of Philadelphia*, 6 F.Supp.2d 422, 423 (E.D. Pa. 1998)); *see also Durham v. Philadelphia Prison Sys.*, Civ. A. No. 18-2113, 2018 WL 3105589, at *2 (E.D. Pa. June 25, 2018) (explaining that the "Philadelphia Prison System is not an entity that is subject to suit separate from the City of Philadelphia.") (citing 53 Pa. Cons. Stat. Ann. § 16257). The Philadelphia Prison System is not considered a "person" for purposes of § 1983. *Durham*, 2018 WL 3105589 at *2 (citing *Peele v. Philadelphia Prison Sys.*, Civ. A. No. 12-4877, 2015 WL 1579214, at *2 (E.D. Pa. April 8, 2015)). Therefore, we shall dismiss the complaint against the Philadelphia Prison System because it is not a proper party.

## Conclusion

For the foregoing reasons, we shall grant Holmes leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice.

/s/ TIMOTHY J. SAVAGE J.